[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' MOTION TO STRIKE
In this civil action seeking to recover damages for personal injury allegedly sustained by a minor plaintiff due to exposure to lead-based paint, the plaintiffs have moved to strike the defendants' fourth special defense which alleges parental negligence. The defendants have represented to the court that they intend to withdraw the fourth special defense. In the event that the fourth special defense is not withdrawn, it is ordered stricken.
This court has concluded previously that claims of parental negligence are barred by the doctrine of parental immunity in actions seeking damages for personal injury to a minor child caused by exposure to lead-based paint, even if the parents are parties to the lawsuit. Ayala v. Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450 (June 30, 1997, Lager, J.); Tobin v. Connecticut Housing Finance Authority, Superior Court, judicial district of New Haven, Docket No. 333231 (June 17, 1997, Lager, J.); see Martinez v. Maturana, Superior Court, judicial district of Hartford-New Britain at Hartford, CT Page 8608 Docket No. 473382 (July 14, 1997, Lager, J.); Pickering v.Stanchak, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 470124 (July 14, 1997, Lager, J.); Sabatucci v. Murphy, Superior Court, judicial district of New Haven at Meriden, Docket No. 247259 (July 14, 1997, Lager, J.); Norwood v. Gordon, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 472232 (April 28, 1997, Lager, J.). Accordingly, the plaintiffs' motion to strike the Fourth Special Defense is granted, unless the defense has been withdrawn.
LINDA K. LAGER, JUDGE